IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANKIE LEVI COLE,<br><br>                Petitioner,<br><br>vs.<br><br>BARBARA LEWIEN, Warden;<br><br>                Respondent. | 8:22CV215<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on initial review of Petitioner Frankie Levi Cole's ("Cole" or "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Filing No. 1; Filing No. 5.[1] *See* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons discussed below, the Court will dismiss Cole's petition without prejudice.

## I. BACKGROUND

Though not clearly set out in the petition, Cole was convicted of felony theft by receiving stolen property and felony flight to avoid arrest in the District Court of Douglas County, Nebraska, and sentenced as a habitual offender on December 30, 1996. *See* Filing No. 5 at 4, 6; Filing No. 1-2 at 11, Case No. 4:21CV3062.[2] *See also Cole v. Hopkins*, 56 F. App'x 742 (8th Cir. 2003). Cole challenges the allegedly "'unconstitutional

---

[1] For purposes of this initial review, the petition includes both Cole's initial petition filed on June 15, 2022, Filing No. 1, and his amended petition filed on October 11, 2022, Filing No. 5. *See* NECivR 15.1(b) (Court may consider pro se litigant's amended pleadings as supplemental to, rather than as superseding, the original pleading). As Cole indicates, the amended petition merely corrects some "identified typos" and provides "better clarity," but the "[c]laims and issues have not changed" from the original petition. Filing No. 5 at 11. The original petition, however, includes some attachments that were omitted from the amended petition. Filing No. 1 at 11–14.

[2] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

execution' of [his] prison sentence in violation of the 5th, 6th, 8th, and 14th Amendments to the Constitution of the United States." Filing No. 5 at 1. Cole raises the following four claims in his petition:

Claim One: Petitioner's prison sentence has been served in full by operation of mandatory-ministerial Nebraska statutory good-time law, and is thereby legally "void"; such that, Petitioner is entitled to immediate release from prison confinement under controlling principles of U.S. Constitutional law.

Claim Two: Neb. Rev. Stat. § 83-1,110(2) (Reissue 1992 and 1995) is unconstitutionally vague with respect to the present case consecutive sentence parole eligibility considerations contemplated under Nebraska law.

Claim Three: Double-Jeopardy double-enhancement violation where Petitioner sentenced two times for the same "felony theft by receiving stolen property" offense.

Claim Four: Repetitive application of habitual criminal enhancement violated *Blockburger*[3] "course of action" Double Jeopardy test.

Filing No. 5 at 2, 5, 6, & 8.

## II. DISCUSSION

### A. Successive Claims

This is not the first habeas petition Cole has filed in this Court challenging his 1996 convictions and sentences. *See Cole v. Hopkins*, 4:99-cv-03327-RGK (D. Neb. Feb. 13,

---

[3] *Blockburger v. U.S.*, 284 U.S. 299 (1932).

2

2002) (Filing Nos. 40 & 41, denying habeas relief), *aff'd*, *Cole v. Hopkins*, 56 F. App'x 742 (8th Cir. 2003). Thus, the question becomes whether Cole's petition is successive. The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

As this Court has explained,

> In order for a petition to be considered "successive," it must "contest[ ] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir.2003); *see also Stewart* [*v. Martinez-*

3

> *Villareal*], 523 U.S. [637,] 641 [(1998)]. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. See *Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir.1998).

*Harper v. Houston*, No. 8:11CV324, 2012 WL 786351, at *2 (D. Neb. Mar. 9, 2012).

Claims Three and Four of Cole's Petition challenge the constitutionality of his 1996 sentences as imposed. The claims are, thus, successive as Cole could have raised them in his prior challenge to his convictions and sentences and he has not asserted a new constitutional rule or any new facts establishing his innocence as it relates to these two claims. The Court therefore lacks jurisdiction over Claims Three and Four because Cole has not sought permission from the Eighth Circuit Court of Appeals to file these successive claims.

**B. Challenge to Execution of Sentence**

Liberally construed, Claims One and Two challenge the execution of Cole's sentence. Where a petition for habeas corpus challenges "the execution of [a petitioner's] sentence [it] should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions." *Crouch v. Norris,* 251 F.3d 720, 724 (8th Cir. 2001).

Even though Claims One and Two are not successive, the claims appear to assert only issues of state law related to the interpretation and application of Nebraska's good time laws to Cole's sentences. Federal courts "do not review questions of state law in habeas proceedings." *Cole*, 56 F. App'x at 743 (citing *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir.2000); *Woods v. Solem*, 891 F.2d 196, 199 (8th Cir.1989)). *See also* Bryan R. Means, Federal Habeas Manual § 1:44 (West 2022) ("Federal habeas relief is

4

unavailable to retry state issues that do not rise to the level of a federal constitutional violation." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))).

Moreover, the foundation of Cole's claims—that the 1995 good-time law is being wrongfully applied to his sentence since it became effective on July 1, 1996, after he was arrested and charged in April 1996—is faulty and completely lacking in merit. The Nebraska Supreme Court has held that

> the good time law to be applied to the defendant's sentence is the law in effect at the time the defendant's sentence becomes final. A defendant's sentence becomes final on the date that the appellate court enters its mandate concerning the defendant's appeal, if there is indeed an appeal. If no appeal is taken from the judgment, that judgment becomes final.

*State v. Nollen*, 296 Neb. 94, 116, 892 N.W.2d 81, 96 (2017) (footnotes omitted). As Cole acknowledges in his petition, the 1995 good-time law became effective on July 1, 1996, prior to the conclusion of his direct appeal in *State v. Cole*, No. A-16-007 (1997). Filing No. 5 at 4. Thus, Cole has no basis to claim that he is entitled to the benefit of any good time law other than the 1995 law in effect at the time his conviction became final.

**C. Mootness**

At the time he filed his petition, Cole was in the custody of the Nebraska Department of Correctional Services ("NDCS"). *See* Filing No. 1 at 15. However, a search of the NDCS' publicly accessible inmate records shows that Cole was discharged from custody on January 2, 2023.[4] The Court takes judicial notice of the NDCS' public inmate records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court

---

[4] *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html (search of Frankie Cole, DCS ID # 49081, last visited Jan. 26, 2023).

5

may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n.7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Cole has been released from the NDCS' custody, the Court concludes this case is moot and must be dismissed. *See McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and Court could not issue any decision which would further the relief sought by the petitioner).

### III. CERTIFICATE OF APPEALABILITY

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. §2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85

(2000). The Court has applied the appropriate standard and determined that Cole is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1; Filing No. 5, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. Petitioner's pending Motion for Declaratory Judgment, Filing No. 6, is denied as moot.

3. The Court will enter judgment by separate document.

Dated this 26th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge